Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEN KACHUR, | CASE NO. |
| Plaintiff, | COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON: |
| vs. | 1. AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT |
| NAV-LVH CASINO, LLC dba WESTGATE LAS VEGAS RESORT & CASINO,  a Nevada Limited Liability Company, | 2. DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| Defendant. | JURY DEMAND |

Plaintiff KEN KACHUR (hereinafter "Plaintiff" or "Kachur") alleges as follows:

## JURISDICTION AND VENUE

1.      This action is brought pursuant to the provisions of Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA") and the Age Discrimination in Employment Act of 1967, as amended, *29 USC §621, et seq.* (hereinafter "ADEA") to obtain relief for Plaintiff for discriminating against him in the terms, conditions or privileges of

employment and terminating him on the basis of his disability and age.

2.      At all relevant times, Defendant NAV-LVH CASINO, LLC dba WESTGATE LAS VEGAS RESORT & CASINO, a Nevada Limited Liability Company (hereinafter "Defendant" or "Westgate") employed more than twenty (20) employees, and they are therefore subject to the provisions of ADA and ADEA.

3.      Jurisdiction is predicated on the ADA and ADEA code sections referenced above as well as *28 USC §1331*, as this action involves a federal question.

4.      The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## **PARTIES**

5.      At all relevant times herein Plaintiff Kachur was a citizen of the United States and residents of the State of Nevada, County of Clark and City of Las Vegas.

6.      Plaintiff is informed and believes and thereon alleges that Defendant NAV-LVH CASINO, LLC dba WESTGATE LAS VEGAS RESORT & CASINO is a Nevada Limited Liability Company.

7.      Westgate is and has been at all material times mentioned herein, an employer within the meaning of sections 42 USC §2000e(b) of the ADA and 623 and 630(b) of the ADEA.

## **EXHAUSTION OF REMEDIES**

8.      Plaintiff has filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission (hereinafter "EEOC") and the Nevada Equal Rights Association (hereinafter "NERC") against Defendant Westgate and has received a Notice of Right to Sue on this charge on September 16, 2016.  A copy of Kachur's Notice of Right to Sue is attached to the Complaint as Exhibit "A".

///

///

**STATEMENT OF FACTS**

9.      Kachur was born on March 1, 1949, was 66 years of age when he was terminated, and is currently 67 years of age.

10.     On July 1, 2014 Westgate took over ownership of the hotel and casino previously known as the LVH Hotel and Casino and prior to that the Las Vegas Hilton.

11.     Kachur was hired as a security officer by the Las Vegas Hilton on April 9, 1977. He was discharged by the Westgate as a security officer effective on October 9, 2015.

12.     On June 18, 2015, Plaintiff underwent knee surgery on left knee (ie. a left knee arthroscopy with debrilement to repair a medial posterior and lateral anterior meniscal tear).

13.     After the surgery Kachur was unable to return to his job immediately because the knee needed time to heal and thus he applied for and was approved for Family Medical Leave under the Family Medical Leave Act from June 18, 2015 through September 10, 2015.

14.     On September 10, 2015 Plaintiff was still unable to return to his job as a security officer and his doctor requested that he be given an additional four weeks of medical leave from September 11, 2015 until October 9, 2015.

15.     Even though Kachur had run out of his twelve weeks of Family Medical Leave for the year, Plaintiff was told by HR Representative Aracelli Damien to send a note from his doctor. Once the note was received by Damien, Westgate approved the additional four weeks of medical leave until October 9, 2015.

16.     On September 28, 2015 Kachur's physician informed him that he would not be able to return to work full duty by October 9th and provided another note indicating he would not be able to return to work until November 6, 2015.

17.     Plaintiff called Damien the following day.  She told Kachur to fax the doctor's note to her and she would speak with Security Department Head Tim Cook about it.

18.     Plaintiff faxed the note to Damien as instructed and called her the following day. Damien informed Kachur that she had talked to Cook about the situation and they determined that

Plaintiff's left knee had had enough time to heal from the surgery on June 18, 2015. This determination was made even though his doctor concluded that the knee had not healed to the point that Kachur could return to full duty as a security officer.

19.     Thereafter Kachur received a letter from Labor Relations Manager Beatrice Vattima dated October 9, 2015 which said, "This letter is to inform you that all FMLA and personal leaves have been exhausted. You need to provide a doctor's notice indicating you are able to return to work on or before October 9, 2015. Please be advised that if you fail to return to work with or without reasonable accommodation documented by your attending physician, we will have no alternative but to end your employment with Westgate Las Vegas Resort & Casino. We will then proceed with the required termination paperwork."

20.     Plaintiff asked Damien if he could internally transfer to another position but was told that he would have to apply for another position just like anybody else.

21.     Finally Kachur received a letter from Vattima dated October 19, 2015 which said, "This letter is to inform you that your employment with Westgate Las Vegas Resort & Casino has ended on October 19, 2015. A copy of the Personal Action form has been included with this letter. I would like to again remind you, should you be able to work in the future, please contact Westgate Las Vegas Resort & Casino to be considered for employment based on your qualifications and experience."

22.     The Personal Action form included with the October 19, 2015 letter from Vattima indicated that the effective date of the separation was October 9, 2015 and that the reason for the termination was because Plaintiff was unable to return from his leave of absence.

## FIRST CAUSE OF ACTION

### (For Disability Discrimination in Violation of
### the Americans with Disabilities Act of 1990)

23.     Plaintiff Kachur incorporates the allegation set forth in paragraphs 1 through 22, inclusive, as if fully set forth herein.

24.     As set forth above Kachur had knee surgery on June 18, 2015 and was unable to return his job as a security officer for an extended period of time per his doctor's ordered.

25.     Kachur's knee surgery and recovery would qualify as a disability under the ADA because it substantial limited the major life activities of standing, walking and working, among other major life activities.

26.     Although Plaintiff was given twelve weeks of Family Medical Leave and an additional four weeks of medical leave beyond the twelve weeks of Family Medical Leave, Westgate refused to extend Kachur's leave of absence beyond October 9, 2015 and instead terminated Plaintiff effective on October 9, 2015.

27.     This was clearly a violation of the ADA because the ADA requires an employer to give an employee an indeterminate leave of absence under the law, as long as the leave of absence is not indefinite or would cause an undue hardship to the employer, neither of which is the case here.

28.     Further Westgate refused to interact with Plaintiff to try to find him an alternative job which he could perform with his disabilities or otherwise look for an accommodation(s) which could accommodate his disabilities.

29.     Thus as a direct, foreseeable, and legal result of the Defendant's refusal to extend Plaintiff's leave of absence or otherwise look for reasonable accommodations for Plaintiff and instead terminate his employment effective October 9, 2015, Kachur has suffered overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

30.     As a further direct, foreseeable, and legal result of the Defendant's refusal to extend Plaintiff's leave of absence or otherwise look for reasonable accommodations for Plaintiff and instead terminate his employment effective October 9, 2015, Kachur has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other

pecuniary losses, the extent of which is not fully known at this time, for which Kachur seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

31.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Kachur's rights.  Their conduct was despicable, has subjected Kachur to oppression, and it warrants an award of punitive and exemplary damages in favor of Kachur, in a sum according to proof at trial.

32.     Kachur claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

33.     Kachur has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Kachur therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

**SECOND CAUSE OF ACTION**

**(For Age Discrimination in Violation of**

**the Age Discrimination in Employment Act of 1967)**

34.     Plaintiff Kachur incorporate the allegation set forth in paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.     This cause of action is brought pursuant to ADEA as it involves a claim by Plaintiff for Age Discrimination which is governed by ADEA.

36.     Prior to his medical leave of absence Kachur was performing his job satisfactory.

37.     Since Westgate took over the hotel and casino on July 1, 2014 they terminated many of the older employees at the hotel and casino including Plaintiff and replaced them with substantially younger employees who had less experience and were less qualified than Plaintiff and the other older employees.

38.     In the security department alone Plaintiff knows of eleven long term employees over the age of 40 years old who were terminated once Westgate took over and Tim Cook became

Director of Security.  These individuals included Chuck Bolding, Donna Ehlert, Wayne Harris, Toni Varay, Greg Laughman, Armando Garcia, Scott Ziegler, Rich Jones, Jack Haller, Joyce Story and Mark Mahon.

39.     Kachur in fact was terminated because of his age and replaced by a substantially younger individual with equal or lesser qualifications and experience

40.     Thus as a direct, foreseeable, and legal result of Defendant's Age Discrimination, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

41.     The age discrimination by Defendant was willful and thus Plaintiff should be awarded liquidated damages pursuant *29 USC §626(b)*.

42.     As a further direct, foreseeable, and legal result of the Defendant's age discrimination, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, recurring nightmares, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which he seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

43.     In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights.  Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

44.     Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

45.     Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims.  Plaintiffs therefore seek an award of reasonable attorney's fees, in a sum according to proof at trial.

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Kachur demands judgment against Defendant Westgate as follows:

1.      For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

2.      For an award of liquidated damages pursuant *29 USC §626(b)* for Defendant's willful violation of *29 USC §§623(a) and 623(d)*;

3.      For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

4.      For punitive damages;

5.      For attorney's fees and costs in an amount determined by the court to be reasonable;

6.      For pre-judgment interest on all damages; and

7.      For any other and further relief that the Court considers proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.


DATED:  12/14/2016                    LAW OFFICES OF MICHAEL P. BALABAN


BY: /s/Michael P. Balaban_____
     Michael P. Balaban
     LAW OFFICES OF MICHAEL P. BALABAN
     10726 Del Rudini Street
     Las Vegas, NV  89141

8

# EXHIBIT

# "A"

# NOTICE OF RIGHT TO SUE

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ken Kachur<br>7958 Avalon Island St.<br>Las Vegas, NV 89139 | From: | Los Angeles District Office<br>255 E. Temple St. 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 34B-2018-00632 | Karrie L. Maeda,<br>State & Local Coordinator | (213) 894-1100 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the **paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Karrie L. Maeda  for*

September 16, 2016

Enclosures(s)

**Rosa M. Viramontes,**
**District Director**

*(Date Mailed)*

cc: Beatrice Vattima
Employee & Labor Relations Mgr.
WESTGATE LAS VEGAS RESORT & CASINO
3000 Paradise Road
Las Vegas, NV 89109

Michael P. Balaban, Esq.
MICHAEL P. DALADAN A LAW CORPORATION
10726 Del Rudini Street
Las Vegas, NV 89141