# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ken Kachur,

    Plaintiff

v.

NAV-LVH Casino, LLC,

    Defendant

Case No.: 2:16-cv-02899-JAD-DJA

**Order Denying Motion for Summary Judgment**

[ECF No. 65]

    Ken Kachur sued Westgate Resort and Casino under the Americans with Disabilities Act when it fired him after he sought extended leave to recover from knee surgery. I previously granted summary judgment in the casino's favor on Kachur's ADA claim because I found that he was unable to show that his leave request was a reasonable accommodation.[1] The Ninth Circuit reversed that decision because Kachur's four-week leave request "seems reasonable on its face,"[2] and it remanded the case for this court to determine whether genuine issues of material fact exist about the reasonability of Kachur's request. In its decision, the Ninth Circuit also left open the possibility of addressing whether Kachur's request posed an undue hardship on Westgate.[3]

    The casino now moves for summary judgment, following the Ninth Circuit's lead and arguing that Kachur's indeterminate leave request posed an undue hardship on its financially distressed business. It adds that Kachur's failure to mitigate his damages precludes him from recovering backpay on his ADA claim. I deny the casino's motion because it fails to show that no disputed fact exists over its affirmative defense or that there were substantially equivalent

---

[1] ECF No. 49 (order granting motion for summary judgment).
[2] ECF No. 57 at 4 (citation omitted) (memorandum).
[3] *Id.*

jobs available to Kachur, and I order the parties to a mandatory settlement conference with the magistrate judge.

## Discussion[4]

### I. Westgate bears the burden of proof on its affirmative defense.

Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[5] When the party moving for summary judgment would bear the burden of proof at trial, "it must come forward with evidence [that] would entitle it to a directed verdict if the evidence went uncontroverted at trial."[6] If it does, the burden shifts to the nonmoving party, who "must present significant probative evidence tending to support its claim or defense."[7] The court must view all facts and draw all inferences in the light most favorable to the nonmoving party.[8]

The casino argues that Kachur "disregards [this] standard entirely" by failing to provide any evidence to support his opposition.[9] But because the casino moves for summary judgment on its affirmative defense, it must provide evidence showing that it's entitled to a judgment on that evidence. While the ADA's summary-judgment, burden-shifting framework may ultimately

---

[4] The parties are familiar with the facts of this case, so I do not repeat them here. For a full summary of the facts, see ECF No. 49 at 1–4, incorporated herein.

[5] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).

[6] *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

[7] *Id.*

[8] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[9] ECF No. 70 at 4.

"fall away at the end of the analysis and leave the ultimate burden of proof . . . on the plaintiff,"[10] on summary judgment, the parties' burdens are clear. For a plaintiff "[t]o avoid summary judgment" he "need only show that an 'accommodation' *seems reasonable on its face*."[11] If he does, then the burden shifts to the employer to "show special (typically case-specific) circumstances that demonstrate [an] undue hardship."[12] Because the casino exclusively argues that "Kachur's indeterminate leave request would have caused [it] an undue hardship,"[13] abandoning at this stage its argument that Kachur's request was unreasonable, it bears the summary-judgment burden to prove its defense.

**II.  Genuine factual disputes preclude summary judgment on the undue-hardship issue.**

The casino moves for summary judgment on Kachur's reasonable-accommodation claim, both reiterating some of the reasonableness arguments rejected by the Ninth Circuit[14] and maintaining that Kachur's open position posed an undue financial hardship to the casino, which was losing millions of dollars monthly for most of 2015 while experiencing an uptick in security incidents and occupancy. Under 42 U.S.C. § 12111(10), an undue hardship is one that "require[es] significant difficulty or expense." To determine an accommodation's burden, courts consider various factors, including its cost, the employer's financial resources, the company's size and type, and the accommodation's impact on the business's operation.[15] Whether an

---

[10] *Snapp v. United Transp. Union*, 889 F.3d 1088, 1101–02 (9th Cir. 2018) (citation omitted).

[11] *Dark v. Curry Cnty.*, 451 F.3d 1078, 1088 (9th Cir. 2006) (quoting *US Airways, Inc. v. Barnett*, 535 U.S. 391, 401–02 (2002)) (emphasis in original).

[12] *US Airways*, 535 at 402 (citation omitted).

[13] ECF No. 70 at 3.

[14] ECF No. 65 at 11.

[15] 42 U.S.C. § 12111(10)(B).

accommodation poses an undue hardship is "a fact-intensive inquiry" that is "rarely suitable for resolution on summary judgment."[16]

     While the casino offers testimony from Kachur's supervisor, Tim Cook, and its general manager, Cami Christensen, about the casino's general financial peril and ongoing security breaches, it fails to connect Kachur's request to those costs and security concerns. Instead, the casino generally theorizes that "any extra expense would have caused Westgate an unreasonable hardship"[17] because the casino was hemorrhaging millions of dollars every month, which rendered "every dollar coming in and going out" vital.[18] Even if the casino was struggling to make ends meet, this evidence alone doesn't quantify the cost associated with Kachur's request. Instead, Cook testified that to cover Kachur's absence, the casino had to pay its employees overtime or hire temporary employees.[19] But the casino doesn't offer any evidence of the cost to do so, speculating only that it would have to pay "high rates."[20]

     This glaring absence of proof aside, viewing the evidence in Kachur's favor, Kachur's request may have even saved the casino money. While Cook noted the casino's financial troubles, he testified that the security department's costly mismanagement was a product of hiring only full-time employees and paying them well above market rate.[21] To reduce those costs, Cook eliminated various positions and adjusted pay rates—months before Kachur sought

---

[16] *Morton v. United Parcel Serv., Inc.*, 272 F.3d 1249, 1256–57 (2001) (citation omitted), *overruled on other grounds by Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007).

[17] ECF No. 65 at 13.

[18] ECF No. 65-5 at ¶¶ 5–6 (Christensen affidavit).

[19] *Id.* at 6.

[20] ECF No. 65-2 at 7.

[21] ECF No. 65-2 at 6–7, 9–11 (Cook deposition).

4

an accommodation.[22] And by August, the department had already reduced the rates it would pay its employees—effectively saving money by granting Kachur's request because it could hire a lower-paid temporary employee during Kachur's leave.

And while Christensen notes that the security department was "understaffed" and that it experienced roughly 150 security incidents a month during Kachur's absence,[23] neither Christensen's nor Cook's testimony establishes that Kachur's absence created an increased security risk or caused a surge in incidents, or that the casino was unable to effectively quell those incidents. As Cook testified, to "mitigate" the "vulnerabilities" that an uncovered shift would create, the casino paid its other employees overtime or "hir[ed] temporary people to fill [Kachur's] position."[24] But Cook's testimony falls short of supporting the casino's claim that extending Kachur's leave time would result in a less-secure casino. Cook's testimony at best shows that the casino had to figure out how to cover Kachur's shifts and that it was ultimately able to meet that need. And Christensen's affidavit states that the casino only generally tracked security incidents, failing entirely to demonstrate that the incidents arose during the hours Kachur missed or in areas that he would have covered. This leaves the casino unable to place the undue hardship issue beyond dispute at this juncture.

The casino also argues that Kachur's request was "inherently" an undue hardship on its business because, at the time Kachur sought the accommodation, his leave request was "indefinite."[25] It contends that forcing it to wait for Kachur to return was "in and of itself an

---

[22] *Id.* at 9.

[23] ECF No. 65-5 at ¶¶ 9–12.

[24] ECF No. 65-2 at 6.

[25] *See* ECF No. 70 at 3.

undue hardship."[26]  But as the Ninth Circuit held, "[t]he updates he provided to Westgate as to his recovery progress can be easily understood as estimates of his expected return to work."[27]  When Westgate fired Kachur in October, he had provided the casino with a work slip from his doctor that stated he needed another four weeks of leave.  Viewed in the light most favorable to Kachur, this slip indicates that his request was not indefinite—it was for another four weeks.  But even if his request were for indefinite leave and that request would pose an undue hardship on an employer, the casino here offers no evidence of what that specific hardship was—despite its financial plight.  Merely stating that every dollar mattered because of the casino's struggle is inadequate to show that replacing Kachur with a temporary employee cost more than paying him to work.  So I decline the casino's invitation to find that, as a matter of law, indefinite-leave requests alone automatically create an undue hardship on an employer.[28]

**III.    Westgate fails to meet its burden to limit Kachur's damages at this stage.**

A terminated employee bringing a claim under the ADA has a duty to mitigate his damages.[29]  The employer bears the burden to show a failure to mitigate.[30]  To do so, the employer must "prove" two elements "based on undisputed facts in the record:" (1) "during the

---

[26] *Id.* at 4.

[27] ECF No. 57 at 4.

[28] The casino overstates *Farran v. First Transit, Inc.* for this proposition.  In *Farran*, I explained that an employer would not be able to assess whether a nine-month leave request posed an undue burden because, at the time it fired its mechanic, he had no idea that he would be out for an additional nine months.  *Farran v. First Transit, Inc.*, 2014 WL 496927, at *8 (D. Nev. Feb. 6, 2014).  That is a far cry from a rule that gives employers an automatic defense without showing evidence of the burden indefinite leave poses.  And as I noted here, Kachur argues that the casino violated the ADA in October after it denied his request for four additional weeks.

[29] *Ford Motor Co. v. E.E.O.C.*, 458 U.S. 219, 231 (1982); *see Quint v. A.E. Staley Mfg. Co.*, 172 F.3d 1, 15–16 (9th Cir. 1999) (citations omitted); 42 U.S.C. § 12117(a) (noting that "[t]he powers, remedies, and procedures set forth in section[] . . . 2000e-5" apply to the ADA).

[30] *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1497 (9th Cir. 1995).

time in question there were substantially equivalent jobs available, which [the plaintiff] could have obtained;" and (2) "that [the plaintiff] failed to use reasonable diligence in seeking one."[31] During Kachur's deposition, he testified that his job hunt after he was fired was imperfect, and by 2018, the search had all but ended.[32] He maintains that he eventually stopped looking for work because none of his new job opportunities matched the salaries Westgate paid.[33] The casino argues that Kachur's refusal to accept work amounts to a failure to mitigate his damages, thus precluding or at least limiting his backpay damages, because it shows he did not act with reasonable diligence.

To meet its burden, the casino must demonstrate both elements.[34] But the casino has only attempted to prove one. While Kachur's actions could demonstrate that he acted unreasonably and may ultimately prove to be a serious impediment to recovering the damages he seeks at trial, his testimony alone fails to establish that there were substantially equivalent jobs available to him. The casino has thus failed to meet its burden to show that Kachur failed to mitigate his damages at this stage, so I deny its motion.[35]

## Conclusion

IT IS THEREFORE ORDERED that NAV-LVH Casino, LLC's motion for summary judgment **[ECF No. 65] is DENIED**.

---

[31] *Id.* (citation omitted); *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 906 (9th Cir. 1994).

[32] ECF No. 65-1 at 14, 53–55.

[33] *Id.* at 55.

[34] *Cf. Odima*, 53 F.3d at 1497.

[35] *Cf. id.*

7

IT IS FURTHER ORDERED that this case is **REFERRED to the magistrate judge for a mandatory settlement conference** between the parties. The parties' obligation to file their joint pretrial order is **STAYED** until 10 days after that settlement conference.

_____
U.S. District Judge Jennifer A. Dorsey
March 11, 2021